**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN FONSECA-BERMUDEZ,<br><br>Defendant. | Criminal No. 99-254 (DRD) |

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO
DEFENDANT'S URGENT MOTION FOR ORDER**

TO THE HONORABLE COURT:

COMES NOW the United States of America, through the undersigned attorneys, and very respectfully states, alleges, and prays as follows:

1.  On February 9, 2006, the defendant, Edwin Fonseca-Bermúdez (hereinafter "the defendant") filed an Urgent Motion for Order Addressed to the Bureau of Prisons (BOP) Regarding Computation of Sentence.

2.  In summary, the defendant argues that the Federal Bureau of Prisons (BOP) should credit the time served prior to the date his federal sentence commenced. Specifically, the defendant argues that he is entitled to credit towards his federal sentence for time served from August 24, 1999 – the date of his arrest by the U.S. Marshals Service – to February 28, 2001, the date on which the defendant's sentence was imposed.

3.  The Prison Litigation Reform Act (PLRA) provides that no action shall be brought with respect to prison conditions under section 1983 of Title 42, or any other federal law,

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. See 42 U.S.C. § 1997e(a).

4.     The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 534 U.S. 516, 532 (2002).

5.     The BOP administrative remedy procedure is codified in 28 C.F.R. §542.10, et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement.

6.     Once administrative remedies are exhausted, prisoners may seek judicial review of any jail-time credit determination by filing a habeas corpus petition under 28 U.S.C. § 2241. See Rogers v. U.S., 180 F.3d 349, 358 (1st Cir. 1999). A Section 2241 petition is a civil proceeding in which a prisoner may (1) challenge the manner in which his sentence is being executed; (2) challenge the revocation of his parole; or (3) claim he is being held after the expiration of his sentence. *Id*, at 357; Chambers v. United States, 106 F.3d 472, 474 (2nd Cir. 1997); Martorana v. United States, 873 F.2d 283, 285 (11th Cir. 1989).

7.     A review of the BOP administrative remedy data system revealed that the defendant exhausted the administrative remedy procedure, which resulted in an unfavorable decision to the defendant. Nevertheless, the government submits that this matter should have been filed as a petition for relief pursuant to Section 2241, and not as a motion under the original criminal case. Therefore, the defendant's Motion for Order should be denied.

8.     In the alternative, if the Court deems that a criminal motion filed under the original case number is the proper avenue to address the defendant's request, it is the

government's position that the time served by the defendant prior to sentencing is not creditable.

9. Pursuant to 18 U.S.C. § 3585(a), a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

10. Section 3583(b) provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence**. (Emphasis added.)

11. In the case at hand, the defendant was charged with conspiracy to distribute narcotics, money laundering and criminal forfeiture. On August 24, 1999, federal authorities transferred the defendant from state custody to MDC Guaynabo pursuant to a writ of habeas corpus ad prosequendum.

12. On February 28, 2001, the U.S. District Court for the District of Puerto Rico sentenced the defendant to a term of 121 months of imprisonment to be served concurrently with any other sentence that the defendant might have been serving.

13. Therefore, in accordance with Section 3585(b), *supra*, the computation of the time to be served concurrently started on February 28, 2001, the date on which the federal sentence was imposed, and not on the date the defendant, still under state custody, was transferred to the federal jurisdiction to face charges.

14. From August 24, 1999 through February 28, 2001, while the defendant was housed at MDC Guaynabo pursuant to a writ of habeas corpus, he was still under the primary jurisdiction of the state. Therefore, contrary to the defendant's assertions in the Motion for Order, the time that he spent in federal detention cannot be credited towards his federal sentence, as it would amount to a double credit proscribed by 18 U.S.C. § 3585.

15. In general, a federal prisoner cannot be given credit for time spent in state prison on an unrelated charge. Courts have qualified this rule with an exception that applies if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one. Thus if a federal detainer were lodged against a prisoner about to be released from state custody, any days that the state held him beyond what would otherwise have been his release date, to await the arrival of the federal marshal, would be time served in connection with his federal offense. See U.S. v. Winter, 730 F.2d 825, 826-827 (1st Cir. 1984). The defendant has failed to show that said exception is applicable to the instant case.

16. In view of the foregoing, we respectfully move the Court to deny the defendant's Motion for Order, as he is not entitled to relief under the applicable statutes, case law and BOP policies. As the government has shown, the defendant has used an inappropriate vehicle to challenge the denial of prior custody time credit. In the alternative, the defendant is not entitled to credit toward his federal sentence for time spent in state custody serving a state sentence.

**WHEREFORE**, the United States of America respectfully moves this Court to deny the defendant's Urgent Motion for Order Addressed to the Bureau of Prisons (BOP) Regarding Computation of Sentence.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on this      day of February, 2006.

                H.S. GARCIA
                United States Attorney

                *s/ Sonia Torres*
                Sonia Torres
                USDC No. 209310
                United States Attorney's Office
                Chardón Tower, Suite 1201
                350 Carlos Chardón Street
                San Juan, Puerto Rico 00918
                Tel: (787) 766-5656
                Fax: (787) 766-5398
                Email: sonia.torres@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this      day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Enrique Vélez-Rodríguez, counsel for the defendant.

                *s/ Sonia Torres*
                Assistant United States Attorney